UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JUAN CARLOS VEGA,

      Petitioner,

v.                                    Case No:  2:13-Cv-388-FTM-29SPC
                                      Case No:  2:11-Cr-59-FTM-29SPC
UNITED STATES OF AMERICA,

      Respondent.

_____

**OPINION AND ORDER**

This matter comes before the Court on petitioner's *pro se* Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #70)[1] filed on May 23, 2013.  The government filed a Response in Opposition to Motion (Cv. Doc. #7) on July 16, 2013.  The petitioner filed a Reply (Cv. Doc. #8) on August 23, 2013.

**I.**

On June 22, 2011, a federal grand jury in Fort Myers, Florida returned a seven-count Indictment charging petitioner Juan Carlos Vega (petitioner or Vega) with six counts of distribution of cocaine and one count of possession with intent to distribute cocaine, all in violation of 21 U.S.C. Sections 841(a)(1) and 841(b)(1)(C). (Cr. Doc. #1.)  On October 14, 2011, the United States filed a Notice of

---

[1]The Court will make references to the dockets in the instant action and in the related criminal case throughout this opinion.  The Court will refer to the docket of the civil habeas case as "Cv. Doc.", and will refer to the docket of the underlying criminal case as "Cr. Doc."

Maximum Penalty, Elements of Offense, and Factual Basis (Cr. Doc. #31), and on October 21, 2011, petitioner entered pleas of guilty to all counts without the benefit of a plea agreement. (Cr. Doc. #34.)  The Court accepted the guilty pleas and set the date for sentencing.  (Cr. Doc. ##35, 36.)

The Presentence Report found that petitioner was accountable for the distribution of at least 340.4 grams of cocaine, which resulted in a base offense level of 22 under the Sentencing Guidelines. (PSR ¶ 22.)  The Presentence Report added two levels for possession of a dangerous weapon and an additional two levels because petitioner maintained a premise for the purpose of manufacturing or distributing a controlled substance.  (PSR ¶¶ 27-28.)  After receiving a three-level downward adjustment for acceptance of responsibility, petitioner's total offense level was 23. (PSR ¶¶ 33-34.)  Petitioner's criminal history was Category II, which resulted in a Sentencing Guidelines range of 51 to 63 months imprisonment.

Prior to sentencing, petitioner through counsel filed a Sentencing Memorandum and Motion for Below Guideline Sentence. (Cr. Doc. #39.)  In the motion, petitioner argued what he believed were mitigating factors, including that he was a family man with a small criminal history.  Id.  Further, petitioner argued that his arrest was the result of the "classic sentence ratcheting scheme of law enforcement." Id.  Petitioner argued that if the Task Force Agents

had arrested him at the first sale of cocaine, rather than conducting more buys over an eight month period, the sentencing guidelines range would have been lower, even assuming the enhancements and criminal history category were left intact. Id. Petitioner suggested that a sentence within a guideline range of 21 to 27 months would be sufficient to comply with Title 18 U.S.C Section 3553. Id. Petitioner's counsel did not address the appropriateness of the sentencing enhancements for possession of the firearm and maintaining a drug premise, but simply argued that the Sentencing Guidelines range should be reduced even "[a]ssuming the enhancements and criminal history are left intact." Id. at 4.

At the January 24, 2012 sentencing hearing, defense counsel had no factual objections to the Presentence Report (Cr. Doc. #63, p. 4.), but objected to the two-level firearm enhancement and to petitioner's criminal history. Id. at 3-10. Counsel did not object to the enhancement for maintaining a drug premises.  The Court sentenced petitioner to a term of 51 months imprisonment as to each of the seven counts, to be served concurrently (Cr. Doc. #42) and denied petitioner's motion for a below guidelines sentence. (Cr. Doc. #41.)

Petitioner filed a timely Notice of Appeal. (Cr. Doc. #43.) On December 11, 2012, the United States Court of Appeals for the Eleventh Circuit affirmed petitioner's conviction and sentence and remanded to correct a clerical error.  United States v. Vega, 500 F. App'x

889, 892 (11th Cir. 2012).   No petition for certiorari was filed with
the Supreme Court, and the § 2255 motion is timely.

## II.

Petitioner raises a single issue in his Section 2255 motion:
Whether his attorney provided ineffective assistance of counsel by
failing to object to the maintaining a drug premise enhancement under
U.S.S.G. § 2D1.1(b)(12).   For the reasons set forth below, the Court
finds petitioner's attorney did not provide ineffective assistance
to petitioner despite his failure to raise this objection at
sentencing.

### A.  Evidentiary Hearing

A district court shall hold an evidentiary hearing on a habeas
petition "unless the motion and the files and records of the case
conclusively show that the prisoner is entitled to no relief. . .
." 28 U.S.C. § 2255(b).   "[I]f the petitioner alleges facts that,
if true, would entitle him to relief, then the district court should
order an evidentiary hearing and rule on the merits of his claim."
Aron v. United States, 291 F.3d 708, 714-15 (11th Cir. 2002)(internal
quotation marks and citation omitted).   However, a "district court
is not required to hold an evidentiary hearing where the petitioner's
allegations are affirmatively contradicted by the record, or the
claims are patently frivolous . . . ." Id. at 715; see also Gordon
v. United States, 518 F.3d 1291, 1301 (11th Cir. 2008);
Winthrop-Redin v. United States, No. 13-10107,___ F.3d ___, 2014 WL

4699391 (11th Cir. Sept. 23, 2014).  Here, even when the facts are viewed in the light most favorable to petitioner, the record establishes that the maintaining a drug premise enhancement was appropriate and petitioner received effective assistance of counsel. Therefore, the Court finds that an evidentiary hearing is not warranted.

## B.  Ineffective Assistance of Counsel Principles

The legal standard for ineffective assistance of counsel claims in a habeas proceeding is well established.  To prevail on a claim of ineffective assistance of counsel, a habeas petitioner must demonstrate both that (1) counsel's performance was deficient because it fell below an objective standard of reasonableness, and (2) prejudice resulted because there is a reasonable probability that, but for the deficient performance, the result of the proceeding would have been different.  Hinton v. Alabama, 134 S. Ct. 1081, 1087-88 (2014)(citing Padilla v. Kentucky, 559 U.S. 356, 366 (2010); Strickland v. Washington, 466 U.S. 668, 687, 694 (1984).

The proper measure of attorney performance is simply reasonableness under prevailing professional norms considering all the circumstances.  Id. at 1088.  A court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct."  Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000)(quoting Strickland, 466 U.S. at 690).  This judicial scrutiny is highly deferential, and the Court

adheres to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.  Strickland, 466 U.S. at 689-90.   To be objectively unreasonable, the performance must be such that no competent counsel would have taken the action. Rose v. McNeal, 634 F.3d 1224, 1241 (11th Cir. 2011); Hall v. Thomas, 611 F.3d 1259, 1290 (11th Cir. 2010).   Additionally, an attorney is not ineffective for failing to raise or preserve a meritless issue. United States v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992); Ladd v. Jones, 864 F.2d 108, 109-10 (11th Cir. 1989).

To establish prejudice under Strickland, petitioner must show more than that the error had "some conceivable effect on the outcome of the proceeding."  Marquard v. Sec'y for the Dep't of Corr., 429 F.3d 1278, 1305 (11th Cir. 2005)(quotation marks omitted).  Rather, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  Hinton, 134 S. Ct. at 1089.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome."  Id. (quoting Strickland, 466 U.S. at 694)(internal quotation marks and citations omitted).

## C.  Application of Principles

Petitioner alleges that the Court should not have applied the two-level enhancement under U.S.S.G. § 2D1.1(b)(12) for having maintained a premises for the purpose of manufacturing or distributing a controlled substance, and therefore his attorney

provided ineffective assistance by failing to object to the Court's application of U.S.S.G. § 2D1.1(b)(12) to his case.  (Cv. Doc. #1.) Petitioner argues that his attorney's performance was deficient because he failed to object to and argue against the Court's use of this enhancement, and that he was prejudiced by this omission because the Court of Appeals was forced to review the issue under a plain error standard.  Petitioner argues that he would have prevailed on the issue on appeal under the usual standard a preserved issue – clear error review for findings of fact and de novo review for application of the Sentencing Guidelines to the facts.  United States v. Vega, 500 F. App'x 889, 892 (11th Cir. 2012).

On appeal, the Eleventh Circuit Court found that because there had been no objection in the district court, its review of the propriety of the drug premises enhancement was under the plain error standard.  Id. at 891.  The Eleventh Circuit found there was no plain error in applying the drug premises enhancement because the petitioner "sold cocaine out of his home on multiple occasions."  Id. Alternatively, the Eleventh Circuit found no plain error because no binding precedent established that the application of the enhancement was erroneous.  Id.

The Court finds that the claim petitioner asserts his attorney should have raised at sentencing is without merit, even without resort to the plain error standard.  Therefore, the failure to raise

- 7 -

the objection was neither deficient performance nor prejudicial to petitioner.

Under U.S.S.G. § 2D1.1(b)(12), the base offense level is increased by two levels "[i]f the defendant maintained a premises for the purpose of manufacturing or distributing a controlled substance". U.S.S.G. § 2D1.1(b)(12). "Subsection (b)(12) applies to a defendant who knowingly maintains a premises (i.e., a building, room, or enclosure) for the purpose of manufacturing or distributing a controlled substance, including storage of a controlled substance for the purpose of distribution." U.S.S.G. § 2D1.1(b)(12) cmt. 17. The Court looks to "(A) whether the defendant held a possessory interest in (e.g., owned or rented) the premises and (B) the extent to which the defendant controlled access to, or activities at, the premises." U.S.S.G. § 2D1.1(b)(12) cmt. 17. Finally, the Comment states that:

> Manufacturing or distributing a controlled substance need not be the sole purpose for which the premise was maintained, but must be one of the defendant's primary or principal uses for the premises, rather than one of the defendant's incidental or collateral uses for the premises. In making this determination, the court should consider how frequently the premises was used by the defendant for manufacturing or distributing a controlled substance and how frequently the premises was used by the defendant for lawful purposes.

U.S.S.G. § 2D1.1(b)(12) cmt. 17. The Eleventh Circuit has recently discussed the parameters of this enhancement:

Few circuits have addressed this guideline, and we have done so only in a single unpublished opinion. <u>United States v. Vega</u>, 500 F. App'x 889, 891 (11th Cir. 2012) (unpublished) (concluding that the district court did not plainly err in applying the enhancement where the defendant sold cocaine from his home on multiple occasions). We thus turn to the reasoning of our sister circuits.

The Eighth Circuit considered the application of § 2D1.1(b)(12) to a premises that served both as the defendants' home and a stash house. <u>United States v. Miller</u>, 698 F.3d 699, 706–07 (8th Cir. 2012). There, the court looked at numerous factors, such as quantities of drugs involved, storage of "tools of the trade," maintenance of business records, and customer interactions, to determine whether the principal use of the residence was drug distribution. The court had little difficulty applying the enhancement to Mr. Miller, the primary drug trafficker involved. But as to his wife, the court found the enhancement applicable as well, despite her more limited role in the distribution, because she was specifically involved in at least three transactions at the home, she used her son to deliver drugs to one of the buyers, and she collected payment for drugs on several occasions. Moreover, the court determined that under 21 U.S.C. § 856 and § 2D1.1(b)(12), Congress intended to deter the use of primary residences as stash houses. In light of all of these factors, the court found that the enhancement would apply to a defendant who used her primary residence to distribute drugs. <u>Id.</u> at 705–07.

Relying on <u>Miller</u>, the Seventh Circuit considered and applied the enhancement to a defendant who sold drugs out of his home. <u>See</u> <u>United States v. Flores-Olague</u>, 717 F.3d 526, 531–32 (7th Cir.), <u>cert. denied</u>, --- U.S. ----, 134 S. Ct. 211, 187 L. Ed. 2d 142 (2013). The court explained that a defendant "maintained" a premises for drug distribution if "he owns or rents premises, or exercises control over them, and for a sustained period of time, uses those premises to manufacture, store, or sell drugs, or directs others to those premises to obtain drugs." <u>Id.</u> at 532 (citing <u>United States v. Acosta</u>, 534 F.3d 574, 591 (7th Cir. 2008)). The court also considered the number of drug transactions that occurred on the premises. Because the defendant in <u>Flores-Olague</u> had stored cocaine on the premises for several years, sold it to at least ten regular

customers, and had firearms in the home, the court concluded that the enhancement applied.

The Sixth Circuit upheld the application of § 2D1.1(b)(12) where the defendant had both a possessory interest in the residence and controlled the access to the home. <u>See United States v. Johnson</u>, 737 F.3d 444, 447 (6th Cir. 2013). In reaching this conclusion, the Sixth Circuit explained that "[T]he more characteristics of a business that are present" in the home—such as "tools of the trade (e.g., laboratory equipment, scales, guns and ammunition to protect the inventory and profits)," "profits," including large quantities of cash, and "multiple employees or customers"—"the more likely it is that the property is being used 'for the purpose of' [prohibited] drug activities." <u>Id.</u> at 447–48 (quoting <u>United States v. Verners</u>, 53 F.3d 291, 295–97 (10th Cir. 1995) (discussing 21 U.S.C. § 856)).

Relying on this persuasive authority, we conclude that the district court properly applied § 2D1.1(b)(12) to Cintora-Gonzalez's guidelines calculations. The evidence at trial showed that Cintora-Gonzalez used his apartment for the purpose of manufacturing or distributing drugs. Cintora-Gonzalez concedes his proprietary interest in the premises. And the evidence showed Cintora-Gonzalez controlled access to and activities at the apartment.

<u>United States v. Cintora-Gonzalez</u>, 569 F. App'x 849, 854-55 (11th Cir. 2014)(footnote omitted).

Petitioner had multiple incidents occurring inside his home and on his premises. On three occasions, November 4 2010, November 11 2010, and December 9 2010, petitioner invited the confidential informant or undercover officer (UC) into his home for the exchange and conducted the sale of cocaine inside his home. (PSR ¶¶ 7-11.) On an additional three occasions, February 10 2011, March 17 2011, and May 26, 2011, the UC would drive to the petitioner's house, park in the petitioner's driveway, and the petitioner would come out of

the house to the vehicle to conduct the sale. (PSR ¶¶ 12-16.)
Petitioner owned the premises with his wife, and resided there with
her and their son. (PSR ¶¶ 58, 59.) Being his residence, petitioner
had complete controlled access to the entire premises and all
activities that occurred on the property. Id. Upon the search of
the premises, DEA agents found a clear bag containing 41.6 grams of
cocaine in a bedroom. (PSR ¶ 18.) In that same room, a metal safe
with the petitioner's name on it was found. Id. The safe contained
ledgers, plastic bags, a scale, a strainer, and a firearm. Id. In
light of the multiple cocaine sales occurring on the petitioner's
premises, as well as the evidence found during the DEA's search of
the premises, petitioner's use of the premises for distribution of
cocaine was not an incidental or collateral use of the property; it
was a primary use.

Under the undisputed facts, counsel made a reasonable choice
not to challenge this enhancement. Even if it had been made, the
challenge would have been overruled given the facts of the particular
case. In applying the factors that are considered in a U.S.S.G. §
2D1.1(b)(12) enhancement, the facts clearly indicate that the
petitioner's premises was used to distribute drugs and therefore it
was reasonable for petitioner's counsel to decide not to object to
the U.S.S.G. § 2D1.1(b)(12) enhancement. For these reasons, the Court
finds that petitioners claim of ineffective assistance of counsel
is without merit.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1.   Petitioner's Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #70) is **DENIED.**

2.   The Clerk of the Court shall enter judgment accordingly and close the civil file.  The Clerk is further directed to place a copy of the civil Judgment in the criminal file.

**IT IS FURTHER ORDERED:**

**A CERTIFICATE OF APPEALABILITY (COA) AND LEAVE TO APPEAL *IN FORMA PAUPERIS* ARE DENIED.**  A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition.  28 U.S.C. § 2253(c)(1); Harbison v. Bell, 556 U.S. 180, 183 (2009).  "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004), or that "the issues presented were adequate to deserve encouragement to proceed further," Miller-El v. Cockrell, 537 U.S. 322, 336 (2003)(internal quotation marks and citations omitted).  Petitioner has not made the requisite showing in these circumstances.

Finally, because petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE and ORDERED** at Fort Myers, Florida, this   21st   day of October, 2014.

JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:
Petitioner
Counsel of record